# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2582 | **DATE** | 8/30/2004 |
| **CASE TITLE** | Restaino vs. IL State Police, et. al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum opinion and order, the Momence Police Department and Sergeant Nolte's motion to dismiss is denied, and defendants' motion to transfer venue to the Central District of Illinois are granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 31 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

Date/time received in central Clerk's Office


DOCKETED
AUG 3 1 2004

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| NICHOLAS RESTAINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 2582 |
| | ) | |
| ILLINOIS STATE POLICE, | ) | Judge John W. Darrah |
| LIEUTENANT MATTHEW ADAMSON, | ) | |
| OFFICER WILLIAM BACKUS, | ) | |
| MOMENCE POLICE DEPARTMENT, | ) | |
| SERGEANT TRACY NOLTE, and | ) | |
| DANA STEELE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Nicholas Restaino, filed suit against Defendants, the Illinois State Police,

Lieutenant Matthew Adamson, Officer William Backus, the Momence Police Department,

Sergeant Tracy Nolte, and Dana Steele. Plaintiff alleges that Defendants violated his civil rights

and seeks redress under 42 U.S.C. § 1983. Plaintiff also alleges that he was defamed in violation

of Illinois state law.

Presently before the Court are two motions: (1) the Momence Police Department and

Sergeant Nolte's Motion to Dismiss or Transfer Venue; and (2) the motion of the Illinois State

Police, Lieutenant Matthew Adamson, and Officer William Backus to transfer venue. The

Momence Police Department and Sergeant Nolte base their Motion to Dismiss or Transfer on



lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2)-(3). For the following reasons, the motion to dismiss is denied and the motions to transfer venue are granted.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Plaintiff is a resident of Kankakee County, which is located in the Central District of Illinois. The Illinois State Police is located throughout the State of Illinois. Lieutenant Adamson and Officer Backus are both employed by the Illinois State Police and are located in Kankakee County. The City of Momence is located in the Central District of Illinois, and Sergeant Nolte and Steele reside in the Central District of Illinois.

Plaintiff contends that he was deprived certain civil rights, in violation of 42 U.S.C. § 1983. Plaintiff also claims that he was defamed in violation of Illinois State Law. All of the events which took place giving rise to Plaintiff's claims occurred in Momence, Illinois.

Momence is approximately 55 miles from the United State Courthouse for the Northern District of Illinois in Chicago, Illinois, and approximately 95 miles from United State Courthouse for the Central District of Illinois in Urbana, Illinois. However, it takes approximately the same amount of time to travel from Momence to Chicago as it takes to travel from Momence to Urbana.

## ANALYSIS

The Momence Police Department and Sergeant Nolte seek to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2)-(3). According to these Defendants, personal jurisdiction does not exist

in the Northern District of Illinois. However, to exercise personal jurisdiction over defendants in a federal question case, defendants need only to have sufficient contacts with the United States as a whole, instead of a state or any other geographic area. In their reply, the Momence Police Department and Sergeant Nolte do not present any arguments to the contrary. Therefore, personal jurisdiction in this Court is proper over the Momence Police Department and Sergeant Nolte.

Next, the Momence Police Department and Sergeant Nolte argue that the matter should be dismissed or transferred, pursuant to 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1406(a), a "district court of a district in which is file a case laying venue in the wrong . . . district shall dismiss, or it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." A civil action where jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where any defendant resides, if all defendants reside in the same state. 28 U.S.C. § 1391(b)(1). In their Motion to Transfer Venue, the Illinois State Police Department concedes that it "is located throughout the State of Illinois." (State Defs.' Mot. To Transfer Venue at 2). Once again, in their reply, the Momence Police Department and Sergeant Nolte do not present any arguments to the contrary. Accordingly, the matter will not be dismissed or transferred pursuant to § 1406(a).

All Defendants also seek to transfer the matter from the Northern District of Illinois to the Central District of Illinois, pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A transfer under § 1404(a) is proper if: (1) the venue is proper in both the transferee and transferor courts,

3

(2) it is for the convenience of the parties or witnesses, and (3) it is in the interest of justice. *Law Bulletin Publ'g Co. v. LRP Publ'n, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

Here, the first requirement is satisfied because venue is also proper in the Central District of Illinois. All of the alleged events took place in the Central District of Illinois. 28 U.S.C. § 1391(b)(2). Plaintiff does not argue to the contrary.

When evaluating the relative convenience of the parties and witnesses, the relevant factors to consider are: (1) the plaintiff's initial forum choice, (2) the convenience of the witnesses, (3) the relative ease of access to other evidence, (4) the situs of material events, and (5) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. The plaintiff's choice of forum should be declined when trying the case in the plaintiff's chosen forum will result in vexation and oppression to the defendant that far outweighs the convenience to the plaintiff. *See Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice of forum can vary, depending on the circumstances of each individual case. *Law Bulletin*, 992 F. Supp. at 1017; *Georgouses*, 963 F. Supp. at 730. Plaintiff's choice of venue is given less deference when the events giving rise to the litigation did

4

not occur in that forum. *Mariscol v. Frank*, No. 02 C 7926, 2003 WL 22071482, at *2 (N.D. Ill. Sept. 3, 2003). Finally, Plaintiff's choice of venue is also given less deference when he is not a resident of the chosen venue district. *So-Comm, Inc. v. Reynolds*, 607 F. Supp. 663, 667 (N.D. Ill. 1985).

Here, although Plaintiff chose the Northen District of Illinois as his venue, all of the events giving rise to Plaintiff's claim occurred in the Central District of Illinois. Furthermore, Plaintiff is a resident of the Central District of Illinois. Plaintiff offers no arguments to the contrary. Accordingly, considering these relevant factors, this issue tends to favor transfer.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F. Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience. *Law Bulletin*, 992 F. Supp. at 1018. Courts go beyond simply looking at the number of witnesses and must weigh the quality and nature of their proposed testimony. *Law Bulletin*, 992 F. Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's choice of forum by arguing witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to its case. *Gen. Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953). Here, according to Defendants, all the witnesses that will testify reside in the Central District of Illinois. This factor weighs in favor of transfer.

Generally, the ease of access to other evidence consisting of documents is considered a neutral factor when weighing whether to transfer a particular case. *Bryant v. ITT Corp.*, 48 F.

Supp. 2d 829, 833 (N.D. Ill. 1999). Here, any documents used in connection with this matter can be easily transported. Defendants have not identified any other evidence that could be used in this matter that would be difficult to transport to the Northern District of Illinois. As such, this factor does not weigh in favor of either side.

As to the situs of the material events factor, all of the events that gave rise to Plaintiff's Complaint occurred in the Central District of Illinois. Plaintiff offers no arguments to the contrary. Accordingly, this factor weighs heavily in favor of Defendants.

In considering the final factor, the convenience of the litigants, the parties' respective residences and their ability to pay for the expenses of litigating in a particular forum are relevant inquiries. *Brandon Apparel Group v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) (*Brandon Apparel*). A case should not be transferred if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Brandon Apparel*, 42 F. Supp. 2d at 834.

Here, it would be more convenient for Defendants to litigate the matter in the Central District of Illinois because Defendants all reside in the Central District. Plaintiff also resides in the Central District. However, Plaintiff has hired an attorney based out of Chicago, located in the Northern District of Illinois. Plaintiff is also paying his attorney an hourly rate. Thus, if the matter would be transferred to the Central District of Illinois, Defendants' costs would be lowered at the expense of Plaintiff.

Plaintiff also contends that Momence, the city where the alleged events took place, is actually geographically closer to the Northern District of Illinois Courthouse located in Chicago than the Central District of Illinois Courthouse located in Urbana, Illinois. Thus, according to

6

Plaintiff, Defendants will actually suffer less inconvenience if venue is retained in the Northern District of Illinois instead of the Central District of Illinois. However, Defendants point out that traveling to either Courthouse will take approximately the same amount of time because Chicago has much more automobile traffic.

Based on the above, the final factor – the convenience of the litigants, the parties' respective residences and their ability to pay for the expenses of litigating in a particular forum – weighs in favor of neither side.

Based on the above analysis of the five relevant factors, the convenience of the parties and the litigants favors transfer.

Finally, it must be determined that transfer is in the interest of justice. This analysis focuses on the efficient administration of the judicial system, as opposed to the private consideration of the litigants. *Amoco*, 90 F. Supp. 2d at 961. This analysis considers: (1) the relative familiarity of the courts with the applicable law, (2) the relation of the respective forums with the issues in the case, and (3) the relative congestion of the courts' dockets. *Amoco*, 90 F. Supp. 2d at 961; *Georgouses*, 963 F. Supp. at 730.

In this case, Plaintiff brings claims under 42 U.S.C. § 1983 and under Illinois state law for defamation. Therefore, both districts are familiar with the law; and either venue is acceptable.

The second factor, the relation of the respective forums with the issues in the case, weighs in favor of transfer. Here, all of the events at issue took place in the Central District of Illinois. Almost all of the parties and disclosed witnesses reside in the Central District of Illinois, as well.

Plaintiff argues that many people residing in the Northern District would consider Momence a part of Chicago. However, Plaintiff provides no support for this proposition.

Finally, there is no evidence that cases are resolved sooner in the Central District of Illinois than in the Northern District of Illinois; again, either venue is appropriate in this regard.

Based on the foregoing, Defendants have met their burden in moving to transfer the matter to the Central District of Illinois.

## CONCLUSION

The Momence Police Department and Sergeant Nolte's Motion to Dismiss is denied, and Defendants' Motions to Transfer Venue to the Central District of Illinois are granted.

Dated: *August 30, 2004*

JOHN W. DARRAH
United States District Judge